UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **EMPIRE CORE GROUP LLC,**<br><br>       **Plaintiff,**<br><br>– against –<br><br>**ACCREDITED SURETY & CASUALTY COMPANY, INC.,**<br><br>       **Defendant.** | Case No.: _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

**Plaintiff EMPIRE CORE GROUP LLC** ("**ECG**") by and through its attorneys, WILSON & CHAN, LLP, as and for its complaint for declaratory judgment against **Defendant ACCREDITED SURETY & CASUALTY COMPANY, INC.** ("**ASCC**"), alleges as follows:

**NATURE OF THE CASE**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201, in which ECG seeks declaratory and ancillary relief against ASCC relating to the denial of indemnification and defense for ECG arising out of a personal injury claim that allegedly occurred on December 5, 2019 and for which ECG has been named as a defendant despite conducting no work at the location pursuant to an ASCC policy covering ECG's subcontractor.

2. ECG seeks a declaratory judgment requiring: 1) ASCC to provide indemnification and defense costs, including reimbursement for defense costs expended since ECG's original tender of the claim pursuant ASCC's policy with ECG's subcontractor; 2) attorneys' fees, costs, and disbursements incurred by ECG for this action as a result of ASCC's repeated bad faith denials of its obligations to provide indemnification and defense coverage to ECG; and 3) for such other and further relief as the Court deems just, fair, and proper.

**PARTIES**

3. ECG is a domestic limited liability company duly organized and existing by virtue of the laws of the State of New York with its principal place of business located at 199 Main Street, Floor 10, White Plains, NY 10601.

4. Upon information and belief, ASCC is corporation duly organized and existing by virtue of the laws of the State of Florida with its principal place of business located at 4798 New Broad Street, Suite 200, Orlando, FL 32814.

**JURISDICTION & VENUE**

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) based on complete diversity of citizenship because this action arises between citizens of different states and meets the jurisdictional requirement for the amount in controversy.

6. This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C.

§2201(a) to declare the rights and other legal relations as between ECG and ASCC.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue in this District is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## BACKGROUND FACTS

9. ECG is a construction manager that was retained by the owner of the subject location, Stuyvesant Town-Peter Cooper Village ("**Owner**") to arrange for work in the area around 264 First Avenue, New York, NY 10009 (the "**Premises**").

10. The Premises is listed on the New York City Department of Finance, Office of the City Register database system (ACRIS) as occupying **Block 972, Lot 1**.

11. The Owner's leasing office for its housing complex is located at the Premises.

12. Pursuant to its role as construction manager, ECG subcontracted the entirety of a project to inspect and restore façades located in the Owner's buildings near the Premises, pursuant to NEW YORK CITY LOCAL LAW 11 of 1998, together with promulgated rule(s) issued by the NYC Department of Buildings.[1]

13. ECG subcontracted the façade work to Bay Restoration Corp. located at 32-47 62nd Street, Woodside, NY 11377 ("**Bay Restoration**") by the execution of a Trade Contract dated on

---

[1] A copy of Local Law 11-98, together with implementing rules, is available at (date last accessed April 29, 2024): https://www.nyc.gov/assets/buildings/local_laws/locallaw_1998_package.pdf

3

or about May 10, 2017 (the "**Subcontractor Agreement**"), a copy of which is attached hereto as **Exhibit A**.

14.     ECG did not perform, supervise, or direct any work at the Premises.

15.     Pursuant to the Subcontractor Agreement, Bay Restoration would undertake all performance, supervision, and direction of the façade work project.

16.     Pursuant to the Subcontractor Agreement, Bay Restoration was also required to obtain insurance for the project work and, additionally, to name ECG as a named insured, and is required to indemnify, hold harmless, and defend ECG against any and all claims arising from construction serviced related to those specified in the Subcontractor Agreement (façade work). *See* **Exhibit A**, at pgs. B-10 and Exhibit G (naming all additional insureds, including ECG).

17.     In furtherance of its work at and near the Premises, Bay Restoration secured a permit to install "sidewalks [sic] shed per plans during façade repair work" (the "**Permit**"). The Job No. issued by NYC Department of Buildings is 123121736, issued on August 21, 2017 and approved on the same date.  A copy of the Permit is attached hereto as **Exhibit B**.

18.     The Permit was issued to George Kasternoz of Bay Restoration.  *See* **Exhibit B**.

19.     The address listed on the Permit is 280 First Avenue, New York, NY 10009. Id.

20.     280 First Avenue is also listed on the New York City Department of Finance, Office of the City Register database system (ACRIS) as occupying **Block 972, Lot 1**, the identical block and lot number as the Premises.

21.     Upon information and belief, the project work at the Premises was completed by Bay Restoration in 2018.

4

22. On or around December 5, 2019, Santiago Iraheta ("**Iraheta**") claims he was injured when a section of sign flashing blew off of the Premises and hit him, causing severe injuries.

23. Iraheta was employed by J. Coffey Contracting ("**Employer**"),[2] located at 77-22 164th Street, Flushing, NY 11365, to perform repairs on a sidewalk in front of the Premises when the incident occurred.

24. According to Iraheta, his injuries have prevented him from returning to work and he is seeking damages in the sum of $15 million.[3]

25. Thereafter, Iraheta filed three (3) separate lawsuits, including:

   a. [*Owner Lawsuit*]  *Santiago Iraheta v. BPP ST Owner LLC and Peter Cooper Village*, Supreme Court of the State of New York, County of Queens, Index No. 712579/2020 (August 7, 2020);

   b. [*ECG Lawsuit*]  *Santiago Iraheta v. Empire Core Group LLC*, Supreme Court of the State of New York, County of Queens, Index No. 705952/2022 (March 17, 2022); and

   c. [*Bay Restoration Lawsuit*]  *Santiago Iraheta v. Bay Restoration Corp. and Traditional Waterproofing & Restoration, Inc*., Supreme Court of the State of New York, County of Queens, Index No. 714065/2022 (July 7, 2022).

26. On or around October 23, 2023, counsel for Owner filed an unopposed motion to consolidate the three (3) actions into a single action for joint discovery and trial.  *See* Index No. 712579/2020 [*Owner Lawsuit*], NYSCEF Doc. Nos. 30 to 37.

27. The motion to consolidate is still pending.

---

[2] Upon information and belief, Iraheta has filed a claim for Workers' Compensation benefits through Employer.

[3] In Iraheta's response to the combined demands of ECG, dated on or about December 15, 2023, in the *ECG Lawsuit*, Iraheta indicated his demand for $15 million.

## ATTEMPTS TO SECURE COVERAGE BY ECG

28. On or about May 8, 2023, counsel for ECG sent a demand for indemnification and a tender of defense to Bay Restoration via certified and electronic mail ("**Bay Tender**"), a copy of which is attached hereto as **Exhibit C**.

29. No response was received by ECG or its counsel to the Bay Tender.

30. On or about May 10, 2023, ECG (through counsel) sent a demand for indemnification and a tender of defense to the insurance carrier for Bay Restoration, ASCC ("**ASCC Tender**"), a copy of which is attached hereto as **Exhibit D.**

31. On or about May 18, 2023, counsel for ECG received a letter from Gallagher Bassett Services ("**GB**"), representing itself as the third-party claims administrator for ASCC, their managing agent the Tradesman Program Managers ("**Tradesman**"), and the policyholder Bay Restoration and indicating that GB was in the process of investigating ECG's claim (the "**GB Response**"). A copy of the GB Response is attached hereto as **Exhibit E**.

32. The GB Response requested additional factual information from ECG. *See* **Exhibit E**.

33. On or about May 18, 2023, counsel for ECG sent information requested in the GB Response by electronic mail, including a copy of the Subcontractor Agreement, a Bay Restoration Certificate of Insurance for 2017-18, and a Bay Restoration Certificate for 2018-19 (which specifically includes ECG as an additional insured) (the "**ECG Reply**"). A copy of the ECG Reply is attached hereto as **Exhibit F**, including its attachments.

34.     On or about May 31, 2023, counsel for ECG received a letter from Tradesman, representing itself as the Managing General Agent for ASCC, denying coverage pursuant to the ASCC Tender (the "**Tradesman Denial**"), stating:

> *Based upon the information and investigation to date, and based on the terms of the Accredited Policy, Accredited has determined that the request for coverage must be denied at this time. There is presently no indication that the claimant's alleged accident involved any of Bay's acts or omissions, as required by the Policy. … I have been advised and investigation has revealed that Bay did not perform any work at the location complained of, i.e. 264 First Avenue. As such, the additional insured endorsement is not triggered.*

A copy of the Tradesman Denial is attached hereto as **Exhibit G**.

35.     The Tradesman Denial also included an excerpt of Bay Restoration's policy as follows:

**ADDITIONAL INSURED – OWNERS LESSEES OR CONTRACTORS – AUTOMATIC STATUS FOR OTHER PARTIES WHEN REQUIRED IN WRITTEN CONSTRUCTION AGREEMENT**

A. **Section II – Who Is An Insured** is amended to include as an additional insured:
1. Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy; and
2. Any other person or organization you are required to add as an additional insured under the contract or agreement described in Paragraph **1.** above.

Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by:

   a. Your acts or omissions; or
   b. The acts or omissions of those acting on your behalf;
in the performance of your ongoing operations for the additional insured.

See **Exhibit G**, at p. 2.

36. In no communication to ECG from ASCC, Tradesman, or GB has ASCC denied the existence of an insurance policy covering Bay Restoration or that ECG was not an additional insured under the Bay Restoration policy for the claim of Iraheta.

37. In fact, Bay Restoration, in response to Iraheta's combined discovery demands, indicated as follows: "[Bay Restoration] was insured on the date of the subject incident by Accredited Surety & Casualty Co Inc., policy #1-TPM-NY-17-01239738 with applicable limits of $2M per occurrence and $4M aggregate." *See* Index No. 712579/2020 [*Bay Restoration Lawsuit*], NYSCEF Doc. No. 14.

38. On or about April 16, 2024, counsel for ECG, having received additional information from claimant and counsel for Owner, sent a second demand for indemnification and tender of defense to Tradesman, noting the existence of the Permit for work performed by Bay Restoration at the Premises (the "**Second Demand**"), explaining that claimant's position appears to be that the sign flashing was loosened by the sidewalk shed erected by Bay Restoration as required by its work on the façades of the nearby buildings. A copy of the Second Demand is attached hereto as **Exhibit H**.

39. Neither Tradesman, ASCC, or GB has substantively responded to the Second Demand.[4]

(*continued, next page*)

---

[4] Counsel for ECG sent another email communication to Tradesman, dated April 29, 2024, reminding them of the Second Demand and informing them of ECG's intention to file a declaratory judgment action. The only response to the April 29 communication was from Jocelyn Kelly, Esq. of Tradesman, stating "What claim is this on?" Counsel for ECG thereafter forwarded (again) a copy of the Second Demand. No response has been received since that time.

40. As of the filing of this Complaint, ECG has been wrongly denied indemnification and defense coverage as an additional or named insured under the Bay Restoration insurance policy placed by ASCC.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Declaration of Coverage Under Insurance Policy)**

41. ECG incorporates herein by reference the claims and allegations set forth above, inclusive, as if fully set forth herein.

42. An actual and present controversy exists between ECG and ASCC concerning the latter's obligation to provide coverage to ECG as an additional or named insured under ASCC's insurance policy with Bay Restoration with regard to the underlying claim by Iraheta.

43. ASCC's repeated refusal to provide insurance coverage under the Bay Restoration policy, one for which it admits is in place for the claims by Iraheta, even after receiving information from ECG sufficient to establish ECG's right to coverage as a named or additional insured, including certificates of insurance, the Subcontractor Agreement, and appropriate notice of the Iraheta claim, was wrongful.

44. ECG is, respectfully, entitled to a declaration that ASCC must provide coverage for indemnification and defense costs to ECG, including those costs already incurred by ECG, pursuant to the Subcontractor Agreement and its policy with Bay Restoration for the Iraheta claim.

45. As the underlying case against ECG by Iraheta continues to proceed, judicial declaration of the parties' rights and obligations is necessary and appropriate at this time to fully

and finally determine ASCC's legal obligations to ECG, including any and all coverage set forth in the Bay Restoration policy.

## PRAYER FOR RELIEF

**WHEREFORE** ECG prays for judgment against ASCC as follows:

1) On the First Cause of Action, a Declaration that ASCC is obligated to provide indemnification and defense coverage to ECG under the Bay Restoration policy for the Iraheta claim;

2) An award of costs, attorneys fees, and disbursements expended by ECG to defend the Iraheta claim;

3) An award of costs, attorneys fees, and disbursements related to the filing of this action; and

4) Such other and further relief as this Court deems just, fair, and proper.

Dated:  April 30, 2024

**Wilson & Chan** LLP

_____
Jeffrey L. Wilson, Esq. (JW9819)
Henry C. Chan, Esq. (HC4160)

*Attorneys for Plaintiff EMPIRE CORE GROUP LLC*
733 Third Avenue, 16th Floor
New York, NY 10017
jwilson@wilsonchanlaw.com
hchan@wilsonchanlaw.com
Tel. (646) 790-5848